**SO ORDERED.**

**SIGNED this 12 day of September, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

| | |
|---|---|
| LYNETTE W. EDWARDS & GEORGE ALLEN EDWARDS, | CHAPTER 13<br>CASE NUMBER: 10-10113-8-RDD |
| **DEBTORS** | |
| LYNETTE W. EDWARD & GEORGE ALLEN EDWARDS, | ADVERSARY PROCEEDING<br>NUMBER: 11-00025-8-RDD |
| **Plaintiff** | |
| v. | |
| CITIFINANCIAL SERVICES, INC., | |
| **Defendant** | |

### ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Pending before the Court is the Motion for Judgment on the Pleadings filed by Citifinancial Services, Inc., (the "Defendant") on August 4, 2011 (the "Motion"). After a review of the pleadings, the Motion for Judgment on the Pleadings is DENIED.

## BACKGROUND

Lynette W. Edwards & George Allen Edwards (the "Plaintiffs") filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 9, 2010. The Plaintiffs are individuals residing in Edgecombe County, North Carolina. In their petition, the Plaintiffs listed under Schedule A-Real Property, a primary residence located at 4045 Bulluck School Road, Rocky Mount, Edgecombe County, North Carolina (the "Property") as an unsecured debt owed to the Defendant in the amount of $109,224.00. The Plaintiffs purchased the Property on February 20, 2008 evidenced by a warranty deed recorded in the Register of Deeds for Edgecombe County in Book 1510, Page 661. Subsequently, on September 20, 2008, the Plaintiffs recorded a Deed of Trust in the Register of Deeds for Edgecombe County, Book 1524, Page 400 purporting to convey a security interest in the Property to the Defendant in consideration of a loan in the amount of $126,276.93. The Deed of Trust asserts a security interest in "property located in Edgecombe County, North Carolina" belonging to Lynette Edwards and George A. Edwards and containing a description of the property attached as "Exhibit A." The recorded Deed of Trust contains no "Exhibit A."

The Plaintiffs brought this adversary proceeding seeking to avoid the security interest in favor of the Defendants pursuant to the Trustee's rights and powers under 11 U.S.C. § 544(a)(3) as available to a debtor pursuant to 11 U.S.C. § 522(h).

## STATEMENT OF THE CASE

In support of its Motion, the Defendant argues that it is entitled to a judgment as a matter of law in this matter because the Plaintiffs have no standing to bring claims under § 544(a)(3) and

§ 522(h) as the execution and delivery of the Deed of Trust constituted a voluntary transfer thereby extinguishing the Plaintiffs right to utilize the trustee's § 544(a)(3) avoidance powers. Defendant cites *Baldwin v. Fid. Nat'l Title Ins. Co. of New York*, No. 09-09854-8-JRL, 2011 Bankr. LEXIS 1723 (Bankr. E.D.N.C. May 11, 2011), to assert the proposition that where a transfer by a debtor constitutes a voluntary transfer a Chapter 13 debtor lacks standing to exercise the trustee's avoidance powers. Furthermore, Defendant asserts that execution of a Deed of Trust constitutes a voluntary transfer. As such, Defendant argues that because it is admitted that the Plaintiffs are: 1) Chapter 13 debtors; 2) who voluntarily entered into a Deed of Trust in favor of the Defendant; and 3) are attempting to avoid the Deed of Trust under § 544(a)(3) in conjunction with § 522(h), that the adversary proceeding should be dismissed on the pleadings. The Plaintiffs filed no response to the Motion.

## DISCUSSION

The issue of the Chapter 13 debtor's right to assert the trustee's avoidance powers is clearly established in this District. In a similar adversary proceeding involving a Chapter 13 debtor's attempt to employ the trustee's § 544(a)(3) powers by means of § 522(h), the court found that § 522(h) limits the debtor's ability to avoid a lien to situations where the transfer was involuntary. *Baldwin v. Fid. Nat'l Title Ins. Co. of New York*, No. 09-09854-8-JRL, 2011 Bankr. LEXIS 1723, at *3 (Bankr. E.D.N.C. May 11, 2011). Furthermore, where the issue of standing was not raised, the bankruptcy court deferred ruling on a motion to dismiss an adversary proceeding brought by a Chapter 13 debtor to avoid an unperfected security interest for 60 days to allow the trustee to determine if such an action was warranted. *Robinson v. World Omni Fin.*

*Corp.*, No. 10-01996-8-SWH, 2011 Bankr. LEXIS 437 (Bankr. E.D.N.C. Feb. 1, 2011). As the facts indicate that the Plaintiffs are Chapter 13 debtors attempting to avoid a Deed of Trust under the trustee's avoidance powers of § 544(a)(3) and the debtor's right to claim exemptions under § 522(h), the Court finds that the Plaintiffs lack standing to avoid the Deed of Trust. However, pursuant to Federal Rule of Bankruptcy 7015, leave of court should be freely granted to amend pleadings "when justice so requires." FED. R. BANKR. P. 7015(a)(2). Therefore, the Motion for Judgment on the Pleadings is **DENIED** and the Court grants Plaintiffs 60 days leave of court to amend their complaint in order to add the Chapter 13 trustee as a party to the adversary proceeding.

**SO ORDERED.**

**END OF DOCUMENT**